IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| North Dakota, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FOR REMAND** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:17-cr-059 |
| George Artem, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's "Notice of Removal" filed on March 3, 2017, whereby the Defendant seeks to remove his criminal prosecution from North Dakota state court to federal court. See Docket No. 1. For the reasons set forth below, the matter is summarily remanded to state court as required by statute.

I. **BACKGROUND**

On December 5, 2016, the Defendant was issued a citation for violating North Dakota's criminal trespass statute, N.D.C.C. § 12.1-22-03, a class B misdemeanor. The citation was issued as a result of protest activities related to the Dakota Access Pipeline near Cannonball, North Dakota. An arraignment was scheduled for January 10, 2017. On March 3, 2017, the Defendant filed a notice of removal to federal court wherein he seeks to have the state court criminal proceedings against him removed to federal court. See Docket No. 1. In his notice, the Defendant provides three grounds for removal: 1) the arrest occurred on sovereign land where he was an invited guest, 2) the arrest violated the Treaty of Fort Laramie, and 3) the State of North Dakota has violated his Sixth Amendment rights. The Defendant does not provide any case law or statutory authority for the removal in his notice.

## II. LEGAL ANALYSIS

The removal of cases from state court to federal court is governed by 28 U.S.C. §§ 1441-1455. The only sections which permit the removal of criminal prosecutions are Sections 1442 and 1443. Section 1455 outlines the procedure for the removal of criminal prosecutions. Section 1455(b)(1) provides that the removal of a criminal prosecution must be done within 30 days after arraignment or before trial, whichever is earlier. Section 1455(b)(4) requires the prompt examination by the district court of any notice of removal, and summary remand if it clearly appears from the notice that removal should not be permitted.

The notice of removal filed in this case appears untimely. The Defendant's arraignment was scheduled for January 10, 2017. He filed the notice of removal on March 3, 2017, well outside the 30-day removal window provided by Section 1455(b)(1). However, it is not clear from the record that the Defendant's arraignment actually took place as initially scheduled. Nevertheless, it is not necessary to resolve whether the notice is timely as the Court concludes the notice fails as a matter of law.

28 U.S.C. § 1442 only applies to criminal prosecutions under certain circumstances, where the defendant is the United States, an agency or officer of the United States, an officer of the United States courts, or any officer of either House of Congress. The Defendant has not asserted he is an agent or officer of the United States and therefore Section 1442 does not provide a basis for removal.

Removal jurisdiction under 28 U.S.C. § 1443(1) is limited. In order for a state criminal prosecution to be removed under 28 U.S.C. § 1443(1), the removal petition must satisfy a two-prong test. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in

terms of racial equality.'" Id. at 219 (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). "Second, it must appear ... that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" Id. (quoting Rachel, 384 U.S. at 803). Claims that a state prosecution will violate rights secured under constitutional or statutory provisions of general applicability, or under statutes that do not protect against racial discrimination, do not allow a defendant to remove a case from state court to federal court. Johnson, 421 U.S. at 219.

The second prong of the test "normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" Id. (quoting Rachel, 384 U.S. at 799, 803). The second prong usually requires the denial of federal rights be "manifest in a formal expression of state law." Id. (quoting Rachel, 384 U.S. at 803).

It is not enough to allege or show that a defendant's federal civil rights have been denied by corrupt state administrative officials in advance of trial, that the charges are false, or that the defendant is unable to obtain a fair trial in a particular state court, because it is expected the state trial court will protect the defendant's rights. City of Greenwood v. Peacock, 384 U.S. 808, 827-28 (1966).

> The vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Id, at 828.

In this case, the Defendant has not alleged that he has been subjected to any racial discrimination or that he is being prosecuted in violation of a specific statute barring racial

3

discrimination. He has not cited any provision in his notice which is specific to racial equality rights and he has not alleged racial discrimination. Merely asserting claims that rights secured by provisions of general applicability have been violated, such as the Sixth Amendment, do not suffice. Johnson, 421 U.S. at 219. Thus, the Defendant has failed to satisfy the first prong of the test for removal under 28 U.S.C. § 1443(1).

In addition, the Defendant has failed to satisfy the second prong for removal under 28 U.S.C. § 1443(1). He has failed to demonstrate there is a state law preventing him from raising his federal claims in state court. The Defendant has not identified any such state law in his notice and has not suggested, much less shown, any basis "for an equally firm prediction" that his federal rights will inevitably be denied in the state court proceedings. Johnson, 421 U.S. at 219. Consequently, the Defendant has failed to satisfy either prong of the test for removal under 28 U.S.C. § 1443(1).

28 U.S.C. § 1443(2) allows for the removal of criminal prosecutions "[f]or any act under color of authority derived from any law providing for equal rights." However, Section 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their official duties." City of Greenwood, 384 U.S. at 815. The Defendant has not asserted he is a federal officer and thus Section 1443(2) does not support removal.

### III.  CONCLUSION

The Defendant has failed to establish any valid legal basis for the removal of his criminal case from state court to federal court, and the attempted removal fails as a matter of law. The matter is summarily **REMANDED** to the District Court for the South Central Judicial District, Morton County, North Dakota.

**IT IS SO ORDERED.**

Dated this 8th day of March, 2017.

             */s/ Daniel L. Hovland*
             Daniel L. Hovland, Chief Judge
             United States District Court